FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2019 APR 26 PM 2: 41

CLERK____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BOB DANENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-044 |
| | ) | |
| EDWARD REGIS PHILBIN, Warden; | ) | |
| JANE/JOHN DOE, 10 GA DOC | ) | |
| Employees; JOHN DOE, Maintenance | ) | |
| Head; JOY JOHNSON, Dietitian; and | ) | |
| DONNA YOUNG, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. On March 26, 2019, the Magistrate Judge denied Plaintiff's request for appointment of counsel because he is able to afford counsel and, thus, is not entitled to appointed counsel pursuant to 28 U.S.C. § 1915(e)(1). (Doc. no. 4, p. 2.) On April 5, 2019, the Magistrate Judge denied Plaintiff's motion for reconsideration on the same grounds. (Doc. no. 6, p. 2.) On April 9, 2019, Plaintiff submitted objections to the Magistrate Judge's April 5, 2019 Order, in which he again concedes he is able to afford counsel, but asks the Court to appoint attorney Keith Johnson to his case or forward his address to him. (Doc. no. 7.)

When considering objections to a Magistrate Judge's ruling on a non-dispositive matter, the District Judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, CV 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted).

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues). However, as the Magistrate Judge previously explained to Plaintiff, he is not entitled to appointed counsel pursuant to 28 U.S.C. 1915(e)(1) because he is able to afford counsel.

In support of his objections, Plaintiff cites Bounds v. Smith, 430 U.S. 817 (1977), which discussed the requirements imposed upon prison authorities to ensure prisoners have constitutionally adequate access to courts. Bounds does not concern a request for appointment of counsel and it does not provide a basis for authorizing this Court to appoint

2

counsel for Plaintiff, who financially capable of hiring his own attorney. Thus, the Magistrate Judge's decision to deny the appointment of counsel was neither clearly erroneous nor contrary to law. Accordingly, the Court **OVERRULES** Plaintiff's objections to the Magistrate Judge's Order.

SO ORDERED this 26th day of April, 2019, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA