IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROBERT ALLEN DANENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 119-044 |
| ) | |
| EDWARD REGIS PHILBIN, Warden; ) | |
| JOY JOHNSON, Dietitian; DONNA ) | |
| YOUNG, Director of Mental Health; JOHN ) | |
| DOE, Head of Maintenance; and LARRY ) | |
| REDD, Deputy Warden of Security, ) | |
| ) | |
| Defendants.[1] ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced this case pursuant to 42 U.S.C. § 1983. Notwithstanding the payment of the filing fee, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. §§ 1915(e)(2)(B) & 1915A.

**I.    COMPLAINT ALLEGATIONS**

In his amended complaint, Plaintiff names as Defendants: (1) Edward Regis Philbin, Warden at ASMP; (2) Joy Johnson, Dietitian at ASMP; (3) Donna Young, ASMP Mental Health

---

[1] The Court **DIRECTS** the **CLERK** to update the docket in accordance with the caption of this Report and Recommendation, which is consistent with Plaintiff's amended complaint. (Doc. no. 30.)

Director; (4) John Doe, Head of Maintenance at ASMP; and (5) Larry Redd, Deputy Warden of Security at ASMP. (Doc. no. 30, p. 12.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

### 1. Living Conditions

ASMP is "totally broken down and non-functioning in terms of GA-DOC S.O.P. and US Const. Stds." (Id. at 5.) The ASMP building is dilapidated. (Id.) During the winter of 2018 to 2019, the heating facilities at ASMP were barely used. (Id.) Plaintiff asked Warden Philbin and "everyone" to provide heat. (Id. at 17.)

### 2. Food Tray Poisonings

Food trays are served with trash on them and are "controlled by a gang who extorts and poisons all non-gang prisoners." (Id. at 5.) Vegan trays are labeled with inmates' names before being taken from the cafeteria to the living units. (Id. at 14.) The trays are "canned" at the cafeteria by label and then canned again by inmates who completed the "SMU-TU" program. (Id. at 15.) These inmates, who are known gang members, have access to and distribute the trays. (Id. at 14.) They attempt to extort other inmates and have poisoned Plaintiff hundreds of times from 2018 to 2019. (Id. at 15.) Plaintiff informed Warden Philbin about the poisonings, who replied, "it angers me." (Id.) Plaintiff informed Deputy Warden Redd, who stated the problem would be fixed. (Id. at 16.) Plaintiff wrote Ms. Johnson several times about this issue. (Id.) Dr. Harpold wrote an order for Plaintiff to receive Ensure but Defendant Johnson cancelled the order. (Id.)

Although Plaintiff has received coronary artery bypass grafting ("CABG") surgery, he is now housed with "young gang bangers who torture him." (Id. at 5.) On June 19, 1996, "a 'M-I' was caused by 'CANS' – adulterated trays and forced meds." (Id.) CABG surgery was

performed in 2003 to correct an experimental stent installed in Plaintiff's heart in 1996. (Id.) Plaintiff looks eighty years old from food cans and being tortured and stabbed in the eye. (Id.)

### 3. Abuse by Gang Members

Plaintiff is housed with gang members who, on a daily basis, subject him to extortion, hazing, robbing, poisoning, and torture. (Id. at 5, 17.)

### 4. Mental Health Classification

Plaintiff is a Mental Health level four inmate. (Id. at 17.) He is currently on "MH-SMU-TU lockdown with mostly level three gang members." (Id.) These gang members extort, haze, rob, and poison Plaintiff daily. (Id.) Plaintiff was arbitrarily placed in SMU-TU and denied level advancement because of "known fraudulent inmate statements" and because he "attempted medical aid to a white by showing him how to douche [with] meds for diseases." (Id. at 18.) Plaintiff has been kept at the basic level because of fraudulent statements by gang-related inmates. (Id. at 18-19.)

### 5. Parole Denial

Defendant Young inserted fake claims in Plaintiff's SCRIBE file which prevented him from obtaining parole. (Id. at 19.)

### 6. Denial of Medical Care

White people cannot obtain medical attention at ASMP, and the claim against him was "grossly distorted." (Id. at 18.) Dr. Taylor attempts to provide medical care to white inmates, but gang members threaten him. (Id. at 19.) Dr. Harpold attempts to provide medical care to white inmates, but she is "over-ordered by various unsundry [sic] interferences." (Id.)

### A. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a

"'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim against John Doe, ASMP Head of Maintenance

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Additionally, a claim is frivolous where "it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Gary v. United States Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Stated otherwise, "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id. Plaintiff fails to allege any facts, or causes of action, or associate John Doe, Head of Maintenance, with a constitutional wrong.

### 3. Plaintiff's Generalized Allegations Regarding Prison Conditions, Abuse by Inmates, Mental Health Classification, and Parole Denial Constitute Shotgun Pleadings and Should Be Dismissed

In a wide-ranging series of unspecified allegations, Plaintiff claims in the most conclusory manner possible: (1) the prison is dilapidated and officials barely run the heating system; (3) unidentified gang members in his housing unit torture and abuse him on a daily basis; (4) his mental health classification has not changed because of unspecified fraudulent statements; and (5) Defendant Young inserted unspecified fake claims in a "SCRIBE" file that resulted in his parole denial on an unspecified date for reasons he does not describe. (See doc. no. 30.)

Such a shotgun approach to pleading in a case merits dismissal. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."), abrogated on other grounds by, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure.").

Equally fatal is the complete absence of factual details necessary to state a claim. Never bothering to describe the dilapidated prison conditions and persons responsible whatsoever or specify why he believes unidentified officials should have run the heating system more last winter, Plaintiff fails to state a claim concerning the conditions of the facilities at ASMP. And while Plaintiff alleges abuse by other inmates, he does not contend any defendant participated in the abuse or knew about it and failed to intervene. As for the

6

claim of wrongful classification within the prison system, Plaintiff fails to give any particulars of how, what, when, and where. More importantly, claims merely alleging misclassification within a prison system are routinely dismissed for failure to state a claim. See Kramer v. Donald, 286 Fed.Appx. 674, 676 (11th Cir. 2008) (no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison).

While the parole denial claim alleges Defendant Young wrongfully inserted false information in a file, Plaintiff does not explain how this information was relevant to his parole denial and the basis for his belief the information materially changed the outcome of his parole proceedings. (See doc. no. 30, p. 19.) The claim thus fails for lack of particularity.

### 4. Plaintiff Fails to State a Claim for Food Poisoning and Denial of Medical Care

Plaintiff alleges gangs control distribution of food at ASMP and have poisoned Plaintiff hundreds of times between 2018 to present as part of their scheme to poison all non-gang prisoners at ASMP. (See doc. no. 30.) Plaintiff alleges Defendants Philbin, Redd, and Johnson were made aware of the poisonings. (Id. at 16.) Warden Philbin allegedly commented the poisonings angered him but he did nothing to stop the scheme. (Id.) It is fanciful and delusional to believe gang members have overtaken the prison's food distribution for two years and instituted a scheme that consistently poisons all inmates who are not gang members, including Plaintiff on hundreds of occasions. (See id. at 15.) Equally unbelievable is the allegation Warden Philbin and Deputy Warden Redd knew about the scheme and did nothing to stop it. (Id. at 15-16.)

7

Also unbelievable is the allegation two physicians at ASMP cannot provide medical care to white inmates such as Plaintiff because gang members interfere. (Id. at 18-19.) Nor is there any allegation tying the denial of medical care to any wrongful act or omission by any Defendant. Such fanciful, delusional, and generalized allegations fail to state a claim. See Denton, 504 U.S. at 32-33 (quotation marks and citations omitted) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.").

## II.  PLAINTIFF'S REMAINING MOTIONS

Plaintiff also filed a "Motion to Stay Dismissal" and a "Motion for Leave to File Another 42 U.S.C. § 1983 Petition Successively." (Doc. nos. 32, 33.) Plaintiff's motion to stay dismissal is construed by the Court as a motion for reconsideration of the Court's June 14, 2019 Order denying Plaintiff's Motion to Close Down ASMP, (doc. no. 24), where he raised for the first time various structural issues with the facilities at ASMP. As was stated in the Court's June 14th Order denying Plaintiff's Motion to Close Down ASMP, the issues raised in Plaintiff's motion to stay dismissal are completely unrelated to his earlier claims and, thus, have no bearing on this case. Accordingly, in consideration of the Court's reasoning in its June 14th Order, Plaintiff's motion to stay dismissal should be denied. (Doc. no. 32.)

On July 5, 2019, Plaintiff filed a Motion for Leave to File Another 42 U.S.C. § 1983 Petition Successively, in which he seeks to file a second § 1983 petition to add new claims and new parties to the action. (Doc. no. 33.) To the extent Plaintiff seeks permission to file a new complaint in a separate case, his request should be denied because Plaintiff is free to file a new case with a new filing fee without the Court's permission.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims be **DISMISSED** for failure to state a claim upon which relief may be granted, Plaintiff's Motion to Stay Dismissal be **DENIED AS MOOT**, Plaintiff's Motion for Leave to File Another 42 U.S.C. § 1983 Petition Successively be **DENIED**, and this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 6th day of November, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA